UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00128-FWS-JDE                             Date: June 15, 2023

Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND LIFTING STAY OF CASE [12]**

     Before the court is Plaintiffs Gabrielle Aguirre and other putative class members' ("Plaintiffs") Motion to Remand Case to Orange County Superior Court ("Motion" or "Mot."). (Dkt. 12.) On February 16, 2023, Defendant Capital One Bank USA N.A. ("Defendant") opposed the Motion ("Opposition" or "Opp."). (Dkt. 20.) On February 23, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 22.) The court found the matter appropriate for resolution without oral argument and took the matter under submission on March 7, 2023. (Dkt. 29.) *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the Motion is **DENIED** and the stay in this action is **LIFTED**.[1]

---

[1] The court previously granted Defendant's Motion to Stay Case Pending Judicial Panel on Multidistrict Litigation (Dkt. 9) and held in abeyance Plaintiffs' Motion to Remand. (Dkt. 31.) The parties subsequently filed a Joint Notice Regarding Status of JPML Proceedings indicating that the Judicial Panel on Multidistrict Litigation ("JPML") denied Defendant's motion to transfer this action to the United States District Court for the Eastern District of Virginia. (Dkt. 32.) Given that Defendant's transfer motion has been denied by the JPML, the court **LIFTS** the stay in this action.

---

**CIVIL MINUTES – GENERAL**                                       1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00128-FWS-JDE　　　　　　　　　　　　　　Date: June 15, 2023

Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.*

I. **Background**

On December 9, 2022, Plaintiffs filed a Complaint against Defendant based on a July 2019 data breach in which a hacker stole the personal identifying information of Capital One account holders.  (*See* Dkt. 1-1.)  Plaintiffs are 118 individuals who were Capital One account holders between 2005 and 2019.  (*Id*. ¶¶ 1-6.)  Plaintiffs are residents of California and Defendant is a Virginia corporation that does business in California.  (*Id*. ¶ 2.)  Based on the alleged data breach, Plaintiffs assert claims for negligence, conversion, invasion of privacy, and violation of the California Customer Records Act, California Civil Code Section 1798.81 *et seq*.  (*Id*. ¶¶ 5-44.)  The instant action is one of several pending putative class actions regarding the data breach, including *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) (the "MDL proceeding").  (Dkt. 9.)

On January 20, 2023, Defendant removed the action to federal court on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Dkt. 1.)  Plaintiffs now challenge whether the amount in controversy requirement has been met, but do not challenge the parties' diversity of citizenship.  (*See generally* Mot., Reply.)

II. **Legal Standard**

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  CAFA generally permits a federal district court to exercise subject matter jurisdiction over a putative class action in which: (1) the amount in controversy exceeds $5,000,000; (2) the number of members of all purported classes of plaintiffs totals 100 or more persons; and (3) any member of a proposed class of plaintiffs differs in citizenship from any defendant.  28 U.S.C. § 1332(d); *Dart Cherokee*, 574 U.S. at 84-85.  "[N]o antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee*, 574 U.S. at 89.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00128-FWS-JDE　　　　　　　　　　　　　Date: June 15, 2023

Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.*

___

### a. Amount in Controversy

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). In the absence of an amount in controversy alleged in a complaint, "a defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87). "When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Jauregui*, 28 F.4th at 992 (quoting *Dart Cherokee*, 574 U.S. at 88). "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Id.* at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). Assumptions must have "some reasonable ground underlying them," and "may be reasonable if [they are] founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citations and internal quotation marks omitted).

In summary, the Ninth Circuit has set forth "three principles that apply in CAFA removal cases." *Id.* at 922. "First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id.* (quoting *Ibarra*, 775 F.3d at 1197). "Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id.* (citing *Ibarra*, 775 F.3d at 1197-99). "Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id.* (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00128-FWS-JDE            Date: June 15, 2023
Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.*

### b. "Facial" and "Factual" Challenges to the Amount in Controversy

After a removing defendant alleges the amount in controversy requirement is met, "the plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter*, 974 F.3d at 964 (9th Cir. 2020) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In evaluating a facial attack, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121). *See also Leite*, 749 F.3d at 1121 ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.").

By contrast, "[a] factual attack 'contests the truth of the . . . allegations' themselves." *Harris*, 980 F.3d at 699 (alteration in original). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Id.* "Both parties may submit evidence supporting the amount in controversy before the district court rules." *Harris*, 980 F.3d at 699 (citations omitted).

III. Discussion

### a. Whether Plaintiffs Assert a Facial or Factual Attack to the Amount in Controversy

The court first considers whether Plaintiffs' challenge to Defendant's asserted amount in controversy is a "facial" or "factual" challenge. In this case, Plaintiffs argue Defendant's

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00128-FWS-JDE | Date: June 15, 2023 |
| Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.* | |

amount-in-controversy assumptions are unsupported by evidence and speculative; however, Plaintiffs do not offer alternative assumptions or calculations. (*See generally* Mot., Reply.) The court thus finds Plaintiffs bring a "facial attack." *See Salter*, 974 F.3d at 964 (finding plaintiff brought a facial attack where plaintiff "did not question that there are over a hundred contractors who performed work for [defendant] between October 2015 and January 2020," did not dispute "that [defendant] deducted over $11 million from the weekly settlements for fuel purchases," and "[plaintiff] did not assert that [defendant] misinterpreted the thrust of his complaint and did not offer any declaration or evidence that challenged the factual bases of [defendant] plausible allegations").

Accordingly, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121); *see also Ehrman v. Cox Commc'ns, Inc*., 932 F.3d 1223, 1228 (9th Cir. 2019) (where plaintiff raised a facial attack to defendant's jurisdictional allegations, "[defendant] should not have been required to present evidence in support of its allegation of minimal diversity"). "However, even under this more lenient standard, the [c]ourt must probe the reasonableness of the assumptions made in the removing party's notice of removal." *Robles v. Roller Bearing Co. of Am., Inc*., 2021 WL 4261517, at *2 (C.D. Cal. Sept. 20, 2021)

    b. **Reasonableness of Defendant's Calculations**

Defendant argues it has put forth reasonable assumptions demonstrating each Plaintiff's recovery exceeds $75,000, based on an estimate of $8,494 in economic damages, $77,500 in emotional distress damages, and $85,994 in punitive damages per Plaintiff. (Opp. at 5-15.) After reviewing the parties' briefing and the Notice of Removal, the court finds Defendant's calculations of the amount in controversy are based on reasonable assumptions.

First, as to economic damages related to the data breach, Defendant argues the parties in the related MDL proceeding are seeking $8,494 per class member and that figure represents a reasonable estimate of the economic damages here based on the same harm. (Opp. at 7-8.)

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00128-FWS-JDE     Date: June 15, 2023
Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.*

---

Defendant further argues that figure represents a reasonable estimate of the economic damages in this case because Plaintiffs in this case and the MDL proceeding both seek damages related to the cost of credit monitoring. (Opp. at 7.) The court finds Defendant's estimate is reasonable because it is based on estimated damages in a related case. *See Darrough v. SOC LLC*, 2021 WL 725159, at *1 (D. Nev. Jan. 28, 2021) (considering a damages estimate in an "expert report submitted by [a party's] expert in a related case" in calculating the amount in controversy).

Second, as to emotional distress damages, Defendant argues plaintiffs in other credit breach actions have recovered emotional distress damages exceeding $75,000. (Opp. at 8-11.) Plaintiffs in this case seek emotional distress damages based on "substantial and ongoing emotional distress, which has sometimes manifested in physical symptoms, as a result of the data breaches." (Dkt. 1-1 ("Compl.") ¶ 22.) The court finds Defendant's estimate that emotional distress damages could exceed $75,000 is reasonable based on emotional distress damages awarded in similar data breach cases. *See Drew v. Equifax Info. Servs., LLC*, 2010 WL 5022466, at *9 (N.D. Cal. Dec. 3, 2010) (upholding $315,000 in emotional distress damages); *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 507 (4th Cir. 2007) (awarding $150,000 in emotional distress damages).

Third, as to punitive damages, Defendant argues Plaintiffs are seeking punitive damages and even a 1-1 ratio between compensatory and punitive damages would be a "conservative" estimate for punitive damages. (Opp. at 11-15.) The court finds Defendant's estimate that if punitive damages are imposed based on economic damages of $8,494 and emotional distress damages of at least $75,000, a 1-1 ratio of compensatory to punitive damages would result in punitive damages exceeding $75,000. *See Guillen v. Kindred Healthcare Operating, Inc*., 2018 WL 1183354, at *5 (C.D. Cal. Mar. 7, 2018) ("District courts within the Ninth Circuit have described a 1:1 ratio of punitive damages to compensatory damages as 'conservative' for purposes of assessing the amount in controversy requirement.").

The court therefore concludes Defendant has met its burden to put forth reasonable assumptions that each Plaintiff's recovery exceeds $75,000, and that among the 118 Plaintiffs, the total amount in controversy would be exceed $8,000,000, or CAFA's jurisdictional

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00128-FWS-JDEDate: June 15, 2023

Title: Gabrielle Aguirre *et al.* v. Capital One Bank USA N.A. *et al.*

requirement of $5,000,000.  Accordingly, the Motion is **DENIED** and the stay in this action is **LIFTED**.  Based on its review of the record, the court also **DENIES** Plaintiffs' request for attorneys' fees because the court finds insufficient support for Plaintiffs' argument that Defendant lacked an "objectively reasonable basis for removing the case."  (Mot. at 14.)  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

IT IS SO ORDERED.

Initials of Deputy Clerk:  mku