**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**Attorneys for Plaintiffs**

### UNITED STATES DISTRICT COURT,

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE AGUIRRE,<br>REYNA ALEMAN DE RAMIREZ.<br>JENNIFER ALMEYDA,<br>REBEKAH ANDERSON,<br>JAMES ANDREWS,<br>PHYLLIS ANDREWS,<br>PAUL ANGEL,<br>LAURA AYALA,<br>EDISON BALDEON,<br>KAREN BAUTISTA,<br>DONICA BELL,<br>MAHNDI BHATNAGER,<br>EILEEN BOLAND,<br>DIANA BORADZHIEVA RODRIGUEZ,<br>DANIEL BRANCH,<br>AMY BURCHETT,<br>COREY BUSHELL,<br>CHRISTOPHER CABELL,<br>DANYEIL CANADY,<br>KORTNIE CARTER,<br>JESUS CEJA,<br>KARIN CELOSSE,<br>APOLONIO CORONA,<br>CANDY CORTEZ, | Case No. 8:23-cv-00128-FWS-JDE<br>Assigned for All Purposes to:<br>Hon. Fred W. Slaughter<br><br>Complaint Filed: December 9, 2023<br><br>**FIRST AMENDED**<br>**COMPLAINT FOR:**<br>**1.  NEGLIGENCE**<br>**2.  VIOLATION OF**<br>**CALIFORNIA CIVIL CODE**<br>**§§ 1798.81, et seq.**<br>**3.  CONVERSION**<br>**4. INVASION OF PRIVACY**<br>**5. BREACH OF CONTRACT**<br>**6. BREACH OF CONFIDENCE**<br>**7. IMPLIED COVENANT**<br>**OF GOOD FAITH AND**<br>**FAIR DEALING**<br>**8. UNJUST ENRICHMENT** |

CHARLES COX,                                )
SUSAN COX,                                  )
BELINDA CROWELL,                            )
DUSTIN DAZZI,                               )
SABRINA DEARY,                             )
ISABEL DECKER,                            )
SHAUNTE DERRICK,                          )
CRAIG DURHAM,                             )
PEARL EDWARDS,                            )
SHANNON EDWARDS,                          )
KIMBERLY A. EMERSON,                      )
JOSANNE ENGLISH,                          )
ROSA FELIX,                               )
ROBERT FLAIM,                             )
KEVIN FONG,                               )
SHIRLEY FRENCH,                           )
TROVICE FRIERSON,                         )
SYLVIA GATES,                             )
TIMOTHY GONZALES,                         )
LA SHAUNA GRIFFIN,                        )
DONALD HAMILTON,                          )
KATHLEEN HANLEY,                          )
SHARON DENISE HANSEN,                     )
WILLIAM HEATON,                           )
MATT HILL,                                )
MANUEL HOLLY,                             )
CHRISTEIN JOHNSON,                        )
KEITH JOHNSON,                            )
LISA JOHNSON,                             )
MERCEDEZ JOHNSON,                         )
KEYOMI L. JONES,                          )
DOMINIQUE KEETON,                         )
KIARA KEETON,                             )
SHERRI KING,                              )
SHANNYN KING, SR.,                        )
SIERRA KINNEY,                            )
DAVID LAWRENCE,                           )
GREGORY LEWIS,                            )
MIGUEL LIAS,                              )
PHILLIP LOCKHART,                         )

TABITHA LOPEZ,                              )
CLAUDE MATOS,                               )
JOSEPH J. MAZZOLA,                          )
MELISSA MCCORMICK,                          )
JERRY MCELRATH,                             )
ROBERT MELENDEZ,                            )
JASON MENDOZA,                              )
ANGEK MIRANDA,                              )
WILLIE MONROE,                              )
FRITZ NAJERA,                               )
MELISSA NORRIS,                             )
RONALD EUGENE ORTEGA,                       )
FU-JEN PAN,                                 )
FUYUAN PAN,                                 )
AMARETT PARRA,                              )
PATRICIA PEREZ,                             )
PHYLLIS PINKARD,                            )
STEVEN PRESCOTT,                            )
JOYCE PRIMM,                                )
STEVEN PRIZAMENT,                           )
DENNIS PROVIDO,                             )
RONALD RAMOS,                               )
ROMAN RANGEL,                               )
TIMOTHY REDDISH,                            )
RACHEL REVIS,                               )
CHRISTIAN REYES,                            )
BETTY RICE BELT,                            )
DAWN RICHARDSON,                            )
RAQUEL RODRIGUEZ,                           )
ELVIA SAENZ,                                )
BARBARA SANDOVAL,                           )
ERNIE SANDOVAL,                             )
AARON SCHLITT,                              )
KIMBERLY SERRANO,                           )
KYLE SMITH,                                 )
STACY SMITH,                                )
DELORES SNELL,                              )
ANNE SONDERGAARD,                           )
ANTHONY SONDERGAARD,                        )
PAULA STEVENS-PIKE,                         )

KIMBERLY SUMMERS,                    )
RUDY TAURA,                          )
ALYCE TYLER,                         )
KATHY URBANO,                        )
ELOISA VEGA MARTINEZ,                )
RICHARD WANG,                        )
DEANNA WARRINER,                     )
SHANNON WILDER,                      )
KIMBERLY WILLIAMS,                   )
NARKELL WILLIAMS,                    )
KATHLEEN WISE,                       )
BRUCE M. WOODRUFF,                   )
LAWRENCE WRIGHT,                     )
SIMONE YOUNG,

        PLAINTIFFS,

        V.

CAPITAL ONE BANK (USA) N.A.
AND DOES 1 THROUGH 100
INCLUSIVE,

        DEFENDANTS.

---

Plaintiffs allege as follows:

## **PARTIES**

1. Plaintiffs are individuals, competent adults and residents of the State of California.

2. Plaintiffs are informed and believe, and thereupon allege, that defendant CAPITAL ONE BANK (USA) N.A. ("Capital One"), is now, and at all times mentioned in this Complaint was, a corporation based in the State of Virginia with no principal place of business in California but is doing

business in the State of California.

3.  Plaintiffs do not know the true names or capacities of the Defendants sued herein as DOES 1 through 100 inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

4.  Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

**FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL**

## **DEFENDANTS**

5.  Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 4, inclusive.

6.  Plaintiffs were Capital One account holders between 2005 and 2019.

7.  All Plaintiff entered into contractual relations with Capital One to obtain credit card services. As part of the application process, Plaintiffs were required to turn over personal identifying information (PII) including names, addresses, zip codes, phone numbers, email addresses, dates of birth, self-reported income, social security numbers, and bank account numbers to Capital One in order to apply for and obtain credit card services.

8.  Capital One stored Plaintiffs' personal identifying information (PII) including information identified above as well as credit scores, credit card limits, credit card balances, credit card payment history, and transaction data.

9.  As part of this contractual relationship, Plaintiffs reasonably understood and expected that Capital One would adequately protect their PII and timely inform them of any misappropriations of that data.

10.   In addition, Capital One falsely represented to Plaintiffs and the general public that their PII databases were secure and their PII would

remain private. Capital One misleadingly represented that it will protect the "personal information [the customers provide in order to obtain the services] from unauthorized access and use [by employing] security measures that comply with federal law." Capital One further represented that "security is a top priority," specifying that it "prohibit[s] the unlawful disclosure of [applicant's] Social Security number[s]" and that is uses "some of the strongest forms of encryption commercially available for use on the Web today.

11. Capital One's privacy statement which was presented to Plaintiffs before they contracted with it, stated as follows:

> At Capital One, we make your safety and security a top priority and are committed to protecting your personal and financial information. If we collect identifying information from you, we will protect that information with controls based upon internationally recognized security standards, regulations, and industry-based best practices.

12. Capital One's contract with Plaintiffs explicitly identified "privacy notices" as documents that governed their Capital One accounts.

13. Capital One knew or should have known it did not employ reasonable, industry standard, and appropriate security measures that complied "with federal regulations" and that would have kept Plaintiffs' PII and financial information secure and prevented the loss or misuse of Plaintiffs' PII and financial information. Indeed, at the time of the data

breaches, Capital One's cloud storage provider AWS was widely known to be vulnerable to Server Side Request Forgery attacks. Additionally, in 2016, Capital One joined forces with the provider of the cloud storage to announce that they had found a way to protect the information from the above kind of attacks and yet the PII was still compromised up until at least early 2019. Lastly, the hacker that ultimately took the information openly bragged in April of 2019 about taking the information on Twitter, and yet Capital One was not aware of the breach at that time.

14. Even without these misrepresentations, Plaintiffs and other Capital One accountholders were entitled to assume and did assume Capital One would take appropriate measures to keep their PII safe. Capital One did not disclose at any time that Plaintiffs' PII was vulnerable to hackers because Capital One's storage cloud provider was vulnerable to specific kinds of attacks, and Capital was the only one in possession of that material information, which they had a duty to disclose. Capital One misrepresented, both by affirmative conduct and by omission, the safety of its many systems and services, specifically the security thereof, and their ability to safely store Plaintiffs' PII. Capital One also failed to implement reasonable and appropriate security measures or follow industry standards for data security, failing to comply with its own posted

privacy policies and failed to timely identify the breach. If Capital One had complied with these legal requirements, and discovery the breach earlier, Plaintiffs likely would have suffered fewer damages arising from the data breach.

15. On July 29, 2019, Capital One announced it had experienced a data breach on some earlier occasion that impacted consumers who applied for Capital One credit card products from 2005 through "early 2019". The breach was done by a hacker.

16. As a result, the hacker and other third parties gained access to the contents of Plaintiffs' accounts including addresses, zip codes, phone numbers, email addresses, dates of birth, self-reported income, social security numbers, bank account numbers, credit scores, credit card limits, credit card balances, credit card payment history, and fragments of transaction data.

17. After obtaining Plaintiffs' PII from Capital One, the hacker posted the stolen data on an Internet website called Github and provided instructions how anyone could access the information. Subsequently, a number of persons who, like Plaintiffs, became victims of actual identify theft or misuse of their PII as established in the In Re Capital One Consumer Data Sec. Breach Litig., MDL No. 1:19md2915 case.

18.    It took Capital One approximately four months to realize its vast collection of customers PII had been compromised.

19. The statute of limitations on all claims arising from the data breaches has been tolled since October 2019 as a result of the filing and settlement of various class actions including the main one in United States District Court Eastern District of Virginia, Case No. 1:19-md-02915-AJT-JFA.

20.    The Plaintiffs' PII has been distributed through a global network commonly used by criminals called "the dark web."

21. Capital One owed a duty to Plaintiffs to keep their confidential information in its possession safe from disclosure to unauthorized third parties.

22.    Capital One breached this duty of care by failing to exercise reasonable care and implement adequate security systems, protocols and practices sufficient to protect the PII of Plaintiffs, by failing to detect the breach while it was ongoing or even promptly after it occurred, and by failing to maintain security systems consistent with industry standards.

23.    The sensitive personal and financial information compromised in these breaches is extremely valuable to thieves and hackers. These criminals have gained access to complete profiles of individuals' personal and financial information. They can then use such data to steal the

identities of the accountholders whose information has been compromised or sell it to others who plan to do so. The identity thieves can assume these account holders' identities (or create entirely new identities from scratch) to make transactions or purchases, open credit or bank accounts, apply for medical services, apply for jobs, apply for loans, forge checks, commit immigration fraud, obtain a driver's license in the member's or customer's name, obtain government benefits, or file a fraudulent tax return.

24.   Criminals can also attempt to access the consumers' existing bank and brokerage accounts by posing as the accountholder during a phone conversation to "reset" the password or change the customer's mailing address or email address.

25.   When identity thieves fraudulently use a victim's personal information, the victim frequently suffers financial consequences. When sensitive personal information is compromised, consumers must exercise constant vigilance on their financial and personal records to ensure that fraudulent activity has not occurred. Victims are forced to spend additional time monitoring their credit and finances as well as dealing with any potentially fraudulent activity. Victims also face significant emotional distress after theft of their identity. The fear of financial harm

can cause significant stress and anxiety for many consumers.

26.   As a direct and proximate result of the aforementioned negligent conduct by Capital One, Plaintiffs sustained actual damages, including economic loss and emotional distress, in an amount according to proof. Capital One knew it was a target for cyber hacks, it had been breached before 2019, it recognized the risk of storing the PII, and knew in advance of the same vulnerability that the hacked eventually exploited.   The conduct of the hacker was entirely foreseeable to Capital One but it simply did not take adequate measures to prevent it.

27.   Each of the Plaintiffs has experienced substantial and ongoing emotional distress, which has sometimes manifested in physical symptoms, as a result of the data breaches.

28.   Each of the Plaintiffs has expended time and effort and incidental costs in an effort to mitigate the harm by researching and taking steps to ascertain whether his or her personal information has been used to commit identity theft or otherwise misused, by placing security freezes or removing freezes on his or her credit reports, and will need to continue to do so for the foreseeable future.

## SECOND CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE § 1798.81 et seq.

29.   Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 28, inclusive.

30.   Civil Code § 1798.81.5, the Customer Records Act (CRA), provides that "a business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

31. Capital One was a business subject to the foregoing provision because it owned and maintained personal information about California residents (including Plaintiffs).

32.   For purposes of the CRA, and as specified in Civil Code § 1798.80 (d), "personal information" includes the information disclosed by Capital One in the data breaches.

33.   The exposure of the personal information of Defendant's current and former customers through a misconfiguration in its firewall to an unauthorized third party was a "breach of the security system" of Defendant as defined by Civil Code § 1798.82 (g).

34.   By failing to implement reasonable security measures appropriate to the nature of the personal information of its current and former

customers as described above, Defendant violated Civil Code §1789.81.5.

35.    By failing to immediately notify all affected current and former customers that their personal information had been acquired (or was reasonably believed to have been acquired) by unauthorized persons in the data breach, Defendant violated Civil Code §1789.82.

36.    As a direct and proximate result of the violation of the CRA, Capital One is liable to Plaintiffs for all "actual damages" suffered by Plaintiffs including special and general damages as pled above.

37.    In addition, because Capital One's conscious and knowing reckless disregard in the handling of Plaintiffs' personal information was so extreme as to constitute malice, Plaintiffs are entitled to recovery of exemplary or punitive damages.

## THIRD CAUSE OF ACTION FOR CONVERSION AGAINST ALL DEFENDANTS

38.    Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 37, inclusive.

39.    Prior to the aforementioned data breaches, Plaintiffs were in possession, had the right to immediate possession, and were the owners with right to possession of certain intangible personal property—namely, their personal identifying information.

40.   As previously alleged, Capital One permitted one or more unknown parties to access and steal Plaintiffs' PPI. It was foreseeable that this breach would occur and the PPT would be compromised as its cloud storage provider was widely known to be vulnerable to the kind of attack that led to the breach in this case.

41. In permitting unauthorized persons to access Plaintiffs' PPI, Capital One exercised ownership and control over the property in a manner inconsistent with Plaintiffs' property rights.

42.   As a direct and proximate result of the aforementioned acts of conversion committed by Capital One, Plaintiffs sustained actual damages, including economic loss and emotional distress as set forth previously, in an amount according to proof.

43.   In addition, because Capital One's conscious and knowing reckless disregard in the handling of Plaintiffs' personal information was so extreme as to constitute malice, Plaintiffs are entitled to recovery of exemplary or punitive damages.

**FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY**

**AGAINST ALL DEFENDANTS**

44.   Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 43, inclusive.

45.    Plaintiffs have a legally protected privacy interest in their PII that Capital One required them to provide and stored. Plaintiffs reasonably expected that their PII would be protected and secured from unauthorized parties and would not be disclosed to any unauthorized parties or disclosed for any improper purpose.

46.    Capital One unlawfully invaded the privacy rights of Plaintiffs by (a) failing to adequately secure their PII from disclosure to unauthorized parties for improper purposes; (b) disclosing their PII to unauthorized parties in a manner that is highly offensive to a reasonable person; and (c) disclosing their PII to unauthorized parties without the informed and clear consent of Plaintiffs. Further, Capital One invaded the privacy rights of Plaintiffs by failing to adequately or timely take steps to remediate the data breaches, or provide Plaintiffs notice of the data breaches, once Capital One possessed knowledge to a substantial certainty that the data breaches were occurring, and that Plaintiffs were being harmed. This invasion into the privacy interest of Plaintiffs was serious and substantial.

47.    In failing to adequately secure Plaintiffs' PII, Capital One acted in reckless disregard of their privacy rights. Capital One knew or should have known that their substandard data security measures are highly offensive to a reasonable person in the same position as Plaintiffs.

48.   Capital One violated Plaintiffs' right to privacy under the common law as well as under state law, including but not limited to the California Constitution, Article I, Section I.

49.   As a direct and proximate result of Capital One's unlawful invasions of privacy, Plaintiffs' PII has been viewed or is at imminent risk of being viewed, and their reasonable expectations of privacy have been intruded upon and frustrated. Plaintiffs have suffered injury as a result of Capital One's unlawful invasions of privacy and are entitled to appropriate relief.

**FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

**AGAINST ALL DEFENDANTS**

50.   Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 49, inclusive.

51.As alleged above, Plaintiffs entered into a financial relationship with Capital One under which Plaintiffs agreed to pay to use its credit card services, whether in the form of annual fees, finance charges or higher prices due to the embedded cost of merchant processing fees that are commonly passed on to the consumer purchasers.  As part of this bargain, which was manifested in the privacy notices, cardmember agreement and website disclosures, Plaintiffs entrusted Capital One with PII with the expectation it would be kept secure.

52.     If Plaintiffs had known Capital One was not going to adequately protect their PII, they would have either declined to enter into the contract, terminated the existing relationship, or been willing to pay a lower "price" for the credit card services.

53.     Secure maintenance of Plaintiffs' PII was a material obligation of Capital One under the contracts.

54.     As result of failing to use adequate security measures as referenced by federal and state law and industry practices, Capital One breached the promise to use the level of security measures promised.

55.     Capital One is in the possession of the contracts between Plaintiffs and itself and those documents are not readily available to Plaintiffs. Therefore, the contracts cannot be attached but the material terms have been alleged.

56.     As a result of Capital One's breach, Plaintiffs lost the benefit of the bargain and overpaid for the services, and suffered incidental and consequential damages according to proof.

**SIXTH CAUSE OF ACTION FOR BREACH OF CONFIDENCE AGAINST ALL DEFENDANTS**

57.     Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 56, inclusive.

58.   As an alternative to the claim for breach of the express contract to maintain the PII securely, Plaintiffs allege that the relationship or contract between themselves and Capital One involved an implied obligation that their PII would not be disclosed to outsiders.

59.   As alleged previously, Plaintiffs conveyed their confidential PII to Capital One, which had knowledge that the information was disclosed in confidence, and there was an understanding that the confidence would be maintained.   However, the data breach/hacking incident constituted a disclosure in violation of this understanding.

60.   Plaintiffs were damaged by the violation of the understanding as previously alleged.

**SEVENTH CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ALL DEFENDANTS**

61. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 60, inclusive.

62.   Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.

63.   This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." It is a doctrine

that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure.

64.   In this case, Capital One may claim there was no contractual relationship that addressed handling of PII.  Under such circumstances, it was an implied term of the contractual relationship that Capital One would protect Plaintiffs' PII.

65.   Invoking the implied covenant as to any cardmember agreements would not override any of the express terms of the agreement between the parties. The purpose of the contract was to provide credit card services, not expose personal information.

66.   Plaintiffs were damaged by the violation of the implied covenant as previously alleged.

## EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

67.   Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 60, inclusive.

68.   As an alternative to the claim for breach of the express contract to maintain the PII securely, Plaintiffs allege that the relationship between themselves and Capital One resulted in Capital One receiving a benefit in

the form of the economic value of their account (as measured by finance charges, credit card processing fees, etc.) at the expense of Plaintiffs whose PII was compromised.

69.   The unjust enrichment would not have occurred if Capital One had expended sufficient resources to safeguard their PII.  Capital One should not be permitted to retain the benefit of Plaintiffs' accounts.

## REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiffs request trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on all causes of action against Defendant as follows:

1.  For compensatory damages in an amount according to proof;

2.  For punitive damages in an amount according to proof;

3.  For restitution and disgorgement of money by which Defendant was unjustly enriched;

4.  For interest on the sum of money awarded as damages;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the court may deem proper, except that Plaintiffs do not seek declaratory relief, injunctive relief or any other type of equitable relief.

DATED:  July 21, 2023

1

Respectfully submitted,

2

3

By _____

4

JEFFREY WILENS
Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT 8:23-cv-00128-FWS-JDE